XIAO–ZHEN ZHU, Chang Kun Zhang, Petitioners,

v.

Eric H. HOLDER Jr., U.S. Attorney General,* Respondent.

No. 08–0975–ag.

United States Court of Appeals, Second Circuit.

April 15, 2009.

David X. Feng, Esq., New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Keith I. McManus, Assistant Director, Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Xiao–Zhen Zhu and Chan Kun Zhang, both natives and citizens of China, seek review of a February 7, 2008 order of the BIA affirming the May 15, 2006 decision of Immigration Judge ("IJ") Alan L. Page, denying their applications for asylum, withholding of removal, and CAT relief. *In re Xiao–Zhen Zhu, Chan Kun Zhang,* Nos. A78 951 470, A78 957 429 (B.I.A. Feb. 7, 2008), *aff'g* Nos. A78 951 470, A78 957 429 (Immig. Ct. N.Y. City May 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Cir.2005). Here, although the BIA expressly adopted the IJ's adverse credibility determination, it failed to address the IJ's finding that the background materials in the record did not support Petitioners' claim that they faced forced sterilization if returned to China based on the birth of their second child in the United States. Accordingly, we review the agency's adverse credibility determination but not the IJ's finding that Petitioners failed to establish a well-founded fear of future persecution. *See id.*

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir.2008).

In this case, the IJ's adverse credibility determination was supported by substantial evidence. Petitioners argue that the IJ found Zhang not credible based on "minor and isolated discrepancies" and "shockingly minor points." Yet, the IJ found numerous internal inconsistencies in Zhang's testimony regarding: 1) the length of his detention and the date of his release; 2) whether or not his family was allowed to visit him during his detention; and 3) the timing of the notice he received informing him that either he or Zhu must report for sterilization ("the notice"). In addition, the IJ found inconsistencies between Zhang's testimony and his asylum application regarding: 1) the date of his wife's second forced abortion; 2) when and how Zhang received the notice; and 3) the basis for the fine that he paid to family-planning authorities in 1997. Moreover, the IJ noted that although Zhang claimed that his memory had been impaired as a result of beatings he suffered at the hands of family-planning authorities, neither he nor Zhu mentioned this injury in their asylum applications.

Many of these discrepancies pertained directly to the persecution that Zhang and Zhu allegedly suffered in China and were thus central to their claims. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, even if the inconsistencies largely pertained to minor issues collateral to the couple's claims, the IJ reasonably found that the many discrepancies and omissions undermined their credibility when considered in the aggregate. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Petitioners argue that the IJ erred in failing to credit Zhang's explanations for the numerous inconsistencies in his testimony and asylum application. Zhang argues that, "[a]fter so many years passed by," he "could not possibly remember all the exact dates of the traumatic events." However, the IJ was not obligated to accept this explanation, particularly where so many of the inconsistencies in Zhang's statements pertained to major elements of his claims. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Zhang further argues that the IJ erred in failing to take into consideration his "serious memory loss after [being] beaten up by the family-planning officials in China." However, the IJ reasonably rejected this explanation where neither Zhang nor Zhu mentioned Zhang's alleged head injury in their asylum applications, and Zhang never claimed that he had sustained such an injury until after he was confronted with discrepancies in his testimony before the IJ. *See id.*

Petitioners also argue that the IJ did not make an explicit adverse credibility determination with respect to Zhu. However, although the IJ found that "there is no question that [Zhu's] testimony is more consistent with the written applications

that were submitted" than Zhang's was, he also stated that "portions of [Zhu's] testimony . . . also raised questions regarding credibility." These portions of Zhu's testimony included her testimony regarding: 1) when Zhu conceived her third pregnancy in China; 2) what fines the couple paid and the bases for those fines; and 3) what information Zhu gave to her American doctors concerning the number of abortions she had in China. *See Zaman v. Mukasey,* 514 F.3d 233, 237–38 (2d Cir. 2008).

Zhu bore the burden of adducing sufficient credible evidence to prove her claims. *See Zhou Yun Zhang v. INS,* 386 F.3d 66 (2d Cir.2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We find no error in the agency's conclusion that she was unable to carry that burden here. Because the agency's adverse credibility determination was fatal to Petitioners' claims for asylum, it was also necessarily fatal to their claims for withholding of removal and CAT relief to the extent that those claims shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

As stated above, it is not clear whether the BIA adopted the IJ's conclusion that Petitioners failed to submit sufficient evidence to establish a well-founded fear of forced sterilization if returned to China. Regardless, Petitioners have not argued that the BIA erred by failing to consider their application for asylum and withholding of removal to the extent that it was based on their claim that they faced future persecution or torture based on the birth of their second child in the United States. They have therefore waived any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 8 (2d Cir. 2005). To the extent that Petitioners argue that the agency should have granted them CAT relief based on their fear of forced sterilization, the only background material that Petitioners submitted in support of their claim was the Aird Affidavit and accompanying exhibits. It is well-established that the "oft-cited Aird Affidavit" is insufficient by itself to support the conclusion that Chinese citizens who have U.S.-born children have an objectively reasonable fear of future persecution, including forced sterilization. *See Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 110 (2d Cir.2006); *Wei Guang Wang v. BIA,* 437 F.3d 270, 274–75 (2d Cir.2006); *In re C–C–,* 23 I. & N. Dec. 899, 903 (B.I.A. 2006). Thus, even if the BIA erred by failing specifically to address Petitioners' claim that they would be forcibly sterilized if returned to China, remand would be an "idle and useless formality" in this case. *See NLRB v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). Finally, Petitioners have waived any argument they might have had that the BIA erred by failing to consider their motion to remand and the supporting documentary evidence they submitted. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 546 n. 8.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.